# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEWANN BULLS,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 18-738 |
| v. | ) |
| | ) |
| **ALLEGHENY COUNTY JAIL,** and **FBI**, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Dewann Bulls ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that names as defendants the "Allegheny County Jail" and the "FBI," otherwise known as the Federal Bureau of Investigation ("defendants').

This court granted plaintiff leave to proceed *in forma pauperis* based upon his showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) ("[T]he appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint."). Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court must dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

The court construes the complaint as asserting a claim pursuant to 42 U.S.C § 1983 because it indicates that plaintiff is suing for "civil rights harassment." (ECF No. 4 at 4). The statement in the complaint of plaintiff's claim against the defendants is written in a stream of consciousness style and states:

> When I was incarcerated in the Allegh[eny] County Jail the FBI made the jail place a medical hold on me. I never failed a psychological evaluation. When this hold was placed on me instead of moving me to the 5th floor mental health unit the jail kept me in gen[eral] population for six months (that[']s how long the medical hold was then I was shipped to [T]orrence).[2]
> In general population I was constantly harassed by undercover Federal Agents trying to frame me in a major her[oin] conspiracy. I repeatedly told these undercover operatives they were Federal Agents to the[ir] face and begged them to stop harassing me. I wrote Warden Harper on numerous occasions and filed multiple [grievances]. Warden Harper never responded or the jail never responded. One undercover Federal Agent harassed me repeatedly he called [himself] "Geno Jones" I filed multiple [grievances] on this man the jail never responded!!! I also went into the jail sick with [pneumonia] I caught from my brother DeWayne Bulls who was sick from prions the A.C.J. denied me medical treatment. They said I had [bronchitis] and game me a[n] inhaler. When the Jail finally gave me antib[iotics] they did not work. The FBI did not want me treated. I would like the court to consider this question. If I Dewann Bulls was so mentally sick, sick enough that I was sent to Torrence State Hospital, why did the Jail keep me in the gen pop for 6 months! [T]he answer is so I could be framed in a major [heroin] conspiracy.

(ECF No. 4 at 5, 8-9).

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines it fails to state a claim. With respect to the Allegheny County Jail is not a legal entity that is amenable to suit as a "person" under 42 U.S.C. § 1983. "In the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." Regan v. Upper Darby Twp., Civ. Act. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), aff'd, 363 F. App'x 917 (3d

---

[2] It appears that plaintiff is referring to Torrance State Hospital in Pennsylvania.

3

Cir. 2010); see Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (county jail not a person amenable to suit under § 1983).

With respect to the FBI, the Court of Appeals for the Third Circuit in affirming the dismissal of claims brought against the FBI in Smith v. Luzerne County FBI Agency, 517 F. App'x 65 (3d Cir. 2013), observed:

> Smith's complaint fails to state a cause of action to the extent that Smith intended to bring a suit against the FBI. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citations omitted). Here, there are no allegations that the United States waived immunity. Therefore, Smith has not stated a viable claim against the defendant.

517 F. App'x at 66-67. Plaintiff provided no allegations that the United States waived immunity.

Based upon the foregoing, the claims against the Allegheny County Jail and the FBI, the only defendants in this action, must be dismissed for failure to state a claim. Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, amendment would be futile and the court may dismiss the complaint without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002). The court determines that there are no additional facts plaintiff could plead that would overcome the deficiencies in his complaint. Accordingly, the court will dismiss the complaint without leave to amend.

An appropriate order follows.

Dated: October 15, 2018

By the court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc: DeWann Bulls
705 Lorenze Ave., Apt. 1
Pittsburgh, PA 15220